# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | John W. Darrah |
|---|---|---|---|
| **CASE NUMBER** | 10-cv-4895 | **DATE** | 4/13/11 |
| **CASE TITLE** | United Central Bank v. Mina Builders Inc. et al. | | |

### DOCKET ENTRY TEXT

Defendants' *Motion for Leave to File Compulsory Counterclaims* [45] is denied. A briefing schedule on Plaintiff's motion for summary judgment [40] will be set at the status hearing on 4/13/11. See statement below.

■[ For further details see text below.]  Docketing to mail notices.

### STATEMENT

On August 4, 2010, Plaintiff, United Central Bank, filed a Complaint to Foreclose Mortgage, for Breach of Promissory Note and to Enforce Guaranty against Mina Builders Inc. and Shah N. Akhtar ("Defendants"). (A third defendant, Expert Construction & Remodelers, Inc., was also named but has since had a default judgment entered against it.) Akhtar did not file a proper response to the Complaint. Instead, he responded *pro se* with a letter to the Court.

On September 22, 2010, Plaintiff filed a First Amended Complaint. Akhtar, still appearing *pro se*, filed a "Motion-Appeal/Request to Stop Action" and a "Complaint-Counter Law Suit." Plaintiff responded with a motion to dismiss Akhtar's counterclaim or, in the alternative, for a more definite statement. Attorney Edwin T. Gania then appeared on behalf of Defendants at a hearing on October 14, 2010; and the Court struck all papers filed by Akhtar and denied Plaintiff's motion to dismiss as moot.

On November 12, 2010, through counsel, Defendants filed their Answer and Affirmative Defenses. They asserted two "affirmative defenses." The first was titled, "Plaintiff's Non-Performance," and alleged that Plaintiff breached an agreement and "withheld funds that were due to Defendants and were necessary to complete the single family home construction project at issue in this case." Docket No. 29, at p. 4. Defendants' second affirmative defense was for "negligent misrepresentation" based on an alleged false representation that the property at issue was zoned for construction of the desired project. *Id.* at 5. Plaintiff moved to strike and dismiss both affirmative defenses, asserting that they should have been pled as counterclaims rather than affirmative defenses and that Defendants failed to state a claim for relief under Federal Rule of Civil Procedure 12(b)(6).

Although a briefing schedule was ordered, Defendants did not file a response to the motion to strike and dismiss. Instead, their counsel informed the Court that Defendants would withdraw their affirmative defenses; and the Court allowed them to do so with prejudice. Plaintiff then withdrew its motion to dismiss and stated its intention to move for summary judgment. Another briefing schedule was set; and Plaintiff filed a motion for summary judgment on March 3, 2011.

On March 14, 2011 – three days before Defendants' response to Plaintiff's motion for summary judgment was due – Attorney Maurice J. Salem filed an appearance on behalf of Defendants

Mina Builders Inc. and Shah N. Akhtar and a "Motion for Substitute [*sic*] of Counsel, to Stay Plaintiff's Pending Motion for Summary Judgment and for Leave to File Compulsory Counterclaims." Plaintiff filed a written opposition on March 16, 2011. When Defendants' motion was presented in Court on March 17, 2011, Defendants' request to substitute counsel was granted, and briefing on Plaintiff's motion for summary judgment was temporarily stayed. Defendants' request for leave to file a compulsory counterclaim was taken under advisement, and Defendants were ordered to file a reply brief. Thus, the only issue presently before the Court is whether Defendants should be granted leave to amend their answer and file counterclaims.

Leave to file an amended answer should be "freely given . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). A motion for leave to amend a pleading should be denied "where there is undue delay, bad faith, dilatory motive on the part of the movant . . . undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Villa v. City of Chicago*, 924 F.2d 629, 632 (7th Cir. 1991) (citing *Foman v. Davis*, 371 U.S. 178, 183 (1962)).

Here, Defendants have not shown that amendment of their responsive pleading would be consistent with the proper application of Rule 15(a)(2) set out above. Their claimed reason for wanting to amend their responsive pleading at this stage in the litigation is that their proposed counterclaims and amended answer and affirmative defenses "will show genuine issues of material facts, as well as reduce the remedy to Plaintiff, which will preclude summary judgment." *See* Docket No. 45 ¶ 4. Defendants did not provide a proposed amended pleading in support of their motion. Instead, they summarize the basis of their claims as follows:

> The loan Plaintiff gave to Defendants was a construction loan, in a line of credit, where Defendants would withdraw money as was required for the construction. The time to release the money for construction of was essences [*sic*]. Plaintiff [*sic*] predecessor Bank, Mutual Bank, which was shutdown [*sic*] by the government for certain wrongdoing by its owners and officers, delayed releasing the construction funds. Thus, causing Defendants unexpected carrying cost for the property and eventual [*sic*] after the delay the Bank failed to distribute the final thirty seventh [*sic*] thousand dollars ($37,000.00) required to completely [*sic*] the construction.
>
> Thus, it was the Bank that breached the written loan agreement and injured the Defendants. Defendants will also plead in their Counterclaim, and present evidence of, a ready, willing and able buyer for the property had the construction being [*sic*] completed. Due to the Bank's delay and withholding of funds, Defendants were injured.

Docket No. 45 ¶¶ 8-9. Defendants then represent that their first counterclaim would be for breach of contract against Plaintiff and the second would be for "fraud and/or negligent misrepresentation with respect to the Bank's claim that the subject land was buildable." *Id.* ¶¶ 9-10.

The counterclaims Defendants now seek to assert are plainly based on the affirmative defenses that were withdrawn *with prejudice* after Defendants failed to respond to an earlier motion to dismiss. Having withdrawn these same claims with prejudice, Defendants cannot now assert those same claims under another name through another attorney. Moreover, as Plaintiff points out in its response, Defendants have failed to show any reason for the delay in filing a counterclaim; and it would be unfairly prejudicial to allow them to assert those claims now that Plaintiff has filed a motion for summary judgment with supporting materials.

By way of an affidavit attached to Defendants' reply brief, Akhtar states for the first time that he instructed his attorney to file counterclaims, that his attorney chose to file affirmative defenses instead, and

| STATEMENT |
|---|

that his attorney then withdrew those defenses without Akhtar's authority. Defendants cite several cases, including *Bradford Exchange v. Trein's Exchange*, 600 F.2d 99 (7th Cir. 1979), for the proposition that an attorney cannot consent to a final disposition of his client's case without the client's express authority. However, no final judgment has been entered in this case. Defendants merely assert that their former counsel did not honor their wishes to file counterclaims and that they withdrew Defendants' affirmative defenses rather than contest Plaintiff's motion to dismiss those defenses without Defendants' authority. Although Defendants' reply brief states, "Ample case law exists that makes it very clear: counsel's failure, inexperience or the ineffective assistance of counsel should not be allowed to deprive the client of his or her rights," Defendants cite none of this "ample" authority. To the contrary, the Seventh Circuit has held that "a party who chooses his counsel freely should be bound by his counsel's action." *Johnson v. Gudmundsson*, 35 F.3d 1104, 1117 (7th Cir. 1994).

Defendants' motion for leave to file a counterclaim is denied. A briefing schedule on Plaintiff's motion for summary judgment will be set at the status hearing scheduled for April 13, 2011.